The Honorable John W. Parkerson State Representative 300 Exchange Street, Suite A Hot Springs, AR 71901
Dear Representative Parkerson:
This is in response to your request for an opinion regarding a particular constituent's application for retirement under Act 187 of 1987. According to the facts outlined in your request, Mr. Leo Gillman submitted by mail the necessary forms and applications in this regard, following a meeting with Arkansas Public Employees Retirement System personnel. However, Mr. Gillman was informed in mid-January, 1988, that there was no application in his file and that he did not qualify for the early retirement incentives under Act 187.
You have asked, specifically, whether the Board of Trustees of the Arkansas Public Employees Retirement System has the authority to render an administrative decision as to the timeliness of a filing of an application for a retirement annuity.
The early retirement incentives offered under Act 187 of 1987, codified at A.C.A. 24-4-732 (Supp. 1987), are available to those persons covered under the Act who meet the specified prerequisites and who retire ". . . during the period beginning with the effective date of this Act through January 1, 1988." A.C.A. 24-4-508 which states in pertinent part as follows under subsection (a):
 Any member may voluntarily retire upon his written application filed with the board setting forth at what time, not less than thirty (30) days nor more than ninety (90) days subsequent to the execution and filing of the application, that he desires to be retired. . . .
According to the foregoing provisions, for retirement to occur within the requisite time frame under Act 187 of 1987, a written application must be executed and filed with the Board of Trustees ("Board") by December 1, 1987. This follows from the language of24-4-508(a) with respect to the time specified for one's retirement as not less than thirty (30) days following filing of the application, and the requirement under Act 187 that retirement have occurred by January 1, 1988.
The Board of Trustees has the authority under A.C.A.24-4-105(b)(1) to "(m)ake all rules and regulations as it shall deem necessary from time to time in the transaction of its business and in administering the system." The Board may also "(d)o any and all things necessary for the proper administration of the system and for carrying out and making effective the provisions of this act." 24-4-105(b)(7). It is well established, moreover, that while an administrative agency does not have the power to legislate, it may determine the particular facts and circumstances upon which operation of a legislative enactment is conditioned. Hogue v. Housing Authority of North Little Rock,201 Ark. 263, 144 S.W.2d 49 (1940).
It may therefore reasonably be concluded that the Board's discretion and authority in administering the Public Employees Retirement System extends to determining the timeliness of a filing for purposes of A.C.A. 24-4-508. The Board may issue rules or regulations or establish policies in this regard. The Board's discretion to make determinations must be exercised based upon the particular facts and circumstances in each instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.